DECISION
This cause came on to be considered upon a notice of appeal, the transcript of the docket and journal entries, the transcript of proceedings and original papers from the Butler County Court of Common Pleas, and upon a brief filed by appellant's counsel, oral argument having been waived.
Counsel for defendant-appellant, Margaret E. Tackett, has filed a brief with this court pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, which (1) indicates that a careful review of the record from the proceedings below fails to disclose any errors by the trial court prejudicial to the rights of appellant upon which an assignment of error may be predicated; (2) lists two potential errors "that might arguably support the appeal," Anders at 744, 87 S.Ct. at 1400; (3) requests that this court review the record independently to determine whether the proceedings are free from prejudicial error and without infringement of appellant's constitutional rights; (4) requests permission to withdraw as counsel for appellant on the basis that the appeal is wholly frivolous; and (5) certifies that a copy of both the brief and motion to withdraw have been served upon appellant.
Having allowed appellant sufficient time to respond, and no response having been received, we have accordingly examined the record and found one error prejudicial to appellant's rights in the proceedings in the trial court. The trial court's sentencing order required appellant to pay court-appointed counsel fees. In State v. Cooper (Feb. 19, 2002), Butler App. No. CA2001-03-063, unreported, this court held that under R.C. 2941.51(D), a trial court may require an indigent defendant to pay court-appointed counsel costs only after the court has made "an affirmative determination on the record" that the accused has, or reasonably may be expected to have, the means to pay all or some part of the costs of legal services rendered on his or her behalf. Id. at 19. There is no such affirmative determination in the record before us.
Under such circumstances, Anders would seemingly dictate that we appoint new counsel to brief and argue this issue. However, we find that the total absence in the record of any determination in compliance with R.C. 2941.51(D) constitutes plain error which we may take immediate action to remedy. See Penson v. Ohio (1998), 488 U.S. 75,109 S.Ct. 346.
In all other respects, our examination of the record discloses no other errors prejudicial to appellant's rights in the proceedings in the trial court.
Therefore, it is the order of this court that the motion of counsel for appellant requesting to withdraw as counsel is granted, and that portion of appellant's sentence ordering her to pay attorney fees is hereby reversed and the matter remanded for a determination pursuant to R.C.2941.51(D) regarding appellant's ability to pay court-appointed attorney fees. See Cooper.
WALSH, P.J., POWELL and YOUNG, JJ., concur.